# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAQUIN RAMOS, | : | 4:10-CV-2033 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| APPELLANT RESEARCH | : | |
| SERVICES, LLC, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

## October 25, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 3), filed on October 6, 2010, recommending *sua sponte* dismissal of this action for lack of subject matter jurisdiction. Plaintiff Joaquin Ramos ("Plaintiff" or "Ramos") filed objections to the R&R on October 22, 2010. Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the R&R and dismiss this action for lack of subject matter jurisdiction.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Plaintiff alleges that, in 2002, he was convicted in the Philadelphia Court of Common Pleas and sentenced to a life term of imprisonment. He alleges that, in 2008, he engaged the services of the Defendants to provide him with legal services in the form of researching legal issues relevant to the filing of a post-conviction

2

petition and the actual filing therof. Plaintiff alleges that the Defendants were paid a total of $1,234.00, but never provided him with any services. Plaintiff claims he attempted to obtain a refund but never received a response from the Defendants. As a result of this factual scenario, Plaintiff filed the instant breach of contract action based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Magistrate Judge recommends that this action be dismissed because the Plaintiff has not met the monetary threshold to invoke this Court's diversity jurisdiction.[1] Within his objections, Plaintiff essentially concedes that he does not meet the monetary threshold but requests that the Court invoke its " inherent powers" to exercise jurisdiction over this action. Despite this request by Plaintiff, we do not have the ability to use our inherent powers to modify the statutory threshold and thus exercise jurisdiction. Accordingly, we must overrule the Plaintiff's objections.[2]

In sum, because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. An appropriate Order shall issue.

---

[1] To invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332, the matter in controversy must exceed the sum or value of $75,000.

[2] Moreover, we are not, as Plaintiff requests, empowered to return his filing fee to him because he was unsuccessful in this action.

3